Opinion issued April 9, 2020



In The

# Court of Appeals

### For The

# First District of Texas

_____

## NO. 01-19-00657-CR
_____

### JASON RYAN JACKSON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

### On Appeal from the 56th District Court
### Galveston County, Texas
### Trial Court Case No. 18-CR-0739

---

## MEMORANDUM OPINION

After appellant, Jason Ryan Jackson, with an agreed punishment recommendation from the State, pleaded guilty to the felony offense of possession of a controlled substance: namely, methamphetamine, weighing less than one

gram,[1] the trial court deferred adjudication of his guilt, placed him on community supervision for two years, and ordered that he pay $180 in restitution. The State, alleging numerous violations of the conditions of his community supervision, subsequently moved to adjudicate appellant's guilt. After a hearing, the trial court found several allegations true, found appellant guilty, and assessed his punishment at confinement for two years. The trial court certified that this is not a plea-bargain case and appellant has a right to appeal. Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has moved to withdraw and filed a brief stating that the record presents no reversible error and the appeal lacks merit and is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. *Id.* at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Counsel has informed the Court that he delivered to appellant a copy of the brief and his motion to withdraw and informed appellant of his right to file a response after obtaining access to the record. *See Kelly v. State*, 436 S.W.3d 313,

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(6), 481.115(a), (b).

319–20 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Counsel also provided appellant with a form motion to access the record for his response, if any. *See Kelly*, 436 S.W.3d at 319–20. Appellant has not filed a response to his counsel's *Anders* brief.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744 (reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that an appellant may challenge a holding that there are no arguable grounds for appeal by petitioning for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[2] Attorney Greg Russell must immediately send appellant the required

---

[2] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of

notice and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

## PER CURIAM

Panel consists of Justices Kelly, Landau, and Countiss.

Do not publish. TEX. R. APP. P. 47.2(b).

---

Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).